**SHEREE D. WRIGHT,** SBN 035265
IBF Law Group, PLLC
3101 N. Central Ave, Suite 1250
Phoenix, Arizona 85012
Telephone: (602) 833-1110
Facsimile: (602) 878-3294
E-Mail: sheree@ibflaw.com

**CORTNEY E. WALTERS** (*pro hac vice*)
The Law Office of Cortney E. Walters, PLLC
2719 Hollywood Blvd., Suite A-1969
Hollywood, FL 33020
Telephone: (954) 874-8022
E-Mail: cwalters@cewlawoffice.com

*Attorneys for Plaintiff*

**ERIC AMDURSKY** (*pro hac vice*)
**DAMALI A. TAYLOR** (*pro hac vice*)
O'Melveny & Myers LLP
2765 Sand Hill Road
Menlo Park, CA 94025
Telephone: 650-473-2600
E-mail: eamdursky@omm.com
E-mail: dtaylor@omm.com

**LEAH S. FREED**, SBN 021332
Ogletree Deakins PC,
2415 East Camelback Road, Ste. 800
Phoenix, AZ 85016
Telephone: 602-778-3700
Fax: 602-778-3750
Email: leah.freed@ogletree.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

1

| | |
|---|---|
| Jason Cope,<br><br>                              Plaintiff,<br>vs.<br><br>Suns Legacy Partners, L.L.C., et al.,<br><br>                              Defendants. | Case No.: CV-25-00838-PHX-ROS<br>**JOINT CASE MANAGEMENT REPORT** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's May 29, 2025 Order Setting Rule 16 Scheduling Conference (Doc. 20), Plaintiff Jason Cope ("Plaintiff") and Defendant Suns Legacy Partners, L.L.C. ("Defendant" and together with "Plaintiff," the "Parties"), by and through their respective undersigned counsel, hereby submit the following Case Management Report:

**1.    PARTIES WHO ATTENDED RULE 26(f) CONFERENCE AND ASSISTED IN DEVELOPING THE CASE MANAGEMENT REPORT**

Cortney E. Walters, admitted pro hac vice and appearing on behalf of Plaintiff Jason Cope, participated in the Rule 26(f) conference and assisted in the preparation of this Case Management Report.  Sheree Wright, counsel of record for Plaintiff, did not participate in the Rule 26(f) conference but assisted in the preparation of this Case Management Report.

Leah S. Freed and Damali A. Taylor (admitted pro hac vice), counsel of record for Defendant, attended the Rule 26(f) conference and assisted in the preparation of this Case Management Report.

**2.    PARTIES TO THE CASE**

Jason Cope is the Plaintiff.

Suns Legacy Partners, L.L.C. is the Defendant.

## 3. THE NATURE OF THE CASE

### A. Plaintiff's Statement.

Plaintiff Jason Cope is a forty-six-year-old male who has been employed by Defendant since 2009. Over his tenure, Plaintiff held various technical roles, most recently serving as a Senior Video Engineer on the SunsVision in-arena video team. In this role, he was responsible for overseeing complex game-day productions and live event broadcasts, contributing significantly to the success of high-profile events. Despite his dedication and performance, Plaintiff was subjected to unlawful and unfair treatment by Defendant.

From 2009 to 2023, Plaintiff was classified as an employee and entitled to the benefits and protections under company policies and labor laws. However, after the company's acquisition by Mat Ishbia in 2023, Defendant coerced Plaintiff and other employees over forty years old into signing independent contractor agreements. This forced reclassification deprived Plaintiff of employee benefits, including healthcare, retirement, and overtime compensation, without proper justification.

On November 9, 2023, Plaintiff was given an independent contractor agreement with a tight deadline to sign. The agreement stated Plaintiff's job duties would remain unchanged but stripped him of his employee rights. Defendant continued to control Plaintiff's work schedule, assignments, and provided all necessary tools, demonstrating that Plaintiff remained an employee in substance.

Plaintiff regularly worked sixteen-hour shifts exceeding forty hours per week but was denied overtime pay, violating the Fair Labor Standards Act and Arizona wage laws.

Additionally, Defendant hired younger employees to perform similar duties while denying Plaintiff benefits because of his age, violating the Age Discrimination in Employment Act (ADEA).

Plaintiff was also subjected to a hostile work environment, including forced relocation to an unsanitary workspace infested with rodents, exposing him to health risks. When Plaintiff reported age discrimination after a younger employee made a derogatory comment referencing his age, Defendant retaliated by suspending him for approximately three months. This suspension was in direct response to Plaintiff's protected complaint and part of a broader pattern of retaliation against employees who report discrimination.

Plaintiff seeks relief for Defendant's violations of the ADEA, FLSA, and related laws, including age discrimination, retaliation, wage violations, and misclassification. Through this action, Plaintiff aims to restore his rightful employment status, recover lost wages and benefits, and hold Defendant accountable for its unlawful conduct.

**B.    Defendant's Statement.**

Prior to November 2023, Plaintiff worked part-time as a video engineer involved in the production and broadcast of live events at Defendant's arena. On or around November 10, 2023, Plaintiff signed an agreement to become an independent contractor for SunsVision. As an independent contractor, Plaintiff has the exclusive right and control over (among other things) where, when, and to whom he provides his video-engineering services.

In mid-to-late 2024, Plaintiff and another individual were involved in a verbal disagreement at Defendant's arena which, following an investigation, resulted in appropriate action against both parties—including a decision to temporarily suspend the use of Plaintiff's services based on his conduct in that and other prior incidents.

Defendant denies Plaintiff's allegations that his independent contractor classification is somehow improper or that he is owed any wages by Defendant. Defendant further denies that Plaintiff was discriminated against on the basis of his age or retaliated against for engaging in protected activity by reporting alleged discrimination. Defendant

also denies that it subjected Plaintiff to unsafe or unsanitary working conditions, and that it caused Plaintiff emotional distress.

**4.   JURISDICTIONAL BASIS FOR THE CASE**

The Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under 29 U.S.C. § 623 of the Age Discrimination in Employment Act (ADEA), and 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA). The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

**5.   PARTIES WHICH HAVE NOT BEEN SERVED AND/OR HAVE NOT FILED AN ANSWER OR OTHER APPEARANCE**

The following parties have neither been served nor have they filed an answer or any other appearance in this action: John Does 1 through 5; Jane Does 1 through 5; Black Corporations 1 through 5; and White Partnerships 1 through 5. Plaintiff intends to draft and submit an order dismissing these parties from the case.

**6.   STATEMENT OF WHETHER ANY PARTY EXPECTS TO ADD ADDITIONAL PARTIES OR OTHERWISE AMEND THE PLEADING**

The Parties do not intend to amend the pleadings.

**7.   CONTEMPLATED MOTIONS**

Plaintiff's Statement: None anticipated at present; possible Daubert motions may arise post-discovery.

Defendant's Statement: Defendant anticipates filing a dispositive motion after the close of discovery.

**8.   CONSENT TO MAGISTRATE JUDGE**

The Parties do not consent to having this case transferred to a United States Magistrate Judge for a settlement conference or trial.

5

**9.  STATUS OF RELATED CASES**

Not Applicable.

**10.  PLAN RELATED TO DISCLOSURE OR DISCOVERY OF ESI**

It is not anticipated that electronically stored information will be requested by either party. If requested, the Parties will produce electronically stored information in PDF format. To the extent either party requests information in native format, the Parties will meet and confer to discuss the nature of such request, including the burden on the producing party and the costs associated with such production.

**11.  DISCUSSION OF ANY ISSUES RELATING TO CLAIMS OF PRIVILEGE OR WORK PRODUCT**

The Parties do not currently anticipate any issues or disputes relating to claims of privilege or work product.

**12.  DISCUSSION OF WHETHER ORDER UNDER FRE 502(d) IS WARRANTED**

The Parties do not believe an order under Federal Rule of Evidence 502(d) is warranted in this case.

**13.  DISCUSSION OF NECESSARY DISCOVERY**

The Parties intend to conduct discovery on Plaintiff's claims and damages, as well as Defendant's defenses to Plaintiff's claims. Plaintiff expects to conduct written discovery and to depose Defendant's corporate representative(s) pursuant to Rule 30(b)(6), any employees or agents with knowledge of the alleged discriminatory and retaliatory conduct, any decision-makers involved in the adverse employment actions, and any expert witnesses identified by Defendant.

Defendant expects to conduct written discovery, and depositions of Plaintiff, witnesses disclosed by Plaintiff, as well any expert witnesses disclosed by Plaintiff. Defendant may also serve third-party subpoenas and conduct third party depositions, as

appropriate. Defendant also intends to conduct a physical and mental examination of Plaintiff pursuant to Rule 35 of the Federal Rules of Civil Procedure.

The Parties do not suggest any changes to the discovery limitations imposed by the Federal Rules of Civil Procedure, including the presumptive limit for depositions.

**14.   PROPOSED DEADLINES**

    A.   Completion of fact discovery: **April 17, 2026.**

    B.   Expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C):

        i.   Plaintiff's Initial Expert Disclosures: 60 days after the Court's ruling on dispositive motions or, if no dispositive motions are filed, by **June 19, 2026**.

        ii.   Defendant's Initial Expert Disclosures: 90 days after the Court's ruling on dispositive motions or, if no dispositive motions are filed, by **July 24, 2026**.

        iii.   Rebuttal Expert Disclosures for Both Parties: 120 days after the Court's ruling on dispositive motions or, if no dispositive motions are filed, by **August 21, 2026**.

    C.   Deadline for completion of all expert depositions: **September 25, 2026**.

    D.   Date by which the parties shall have engaged in face-to-face good faith settlement talks: **March 20, 2026**.

    E.   Deadline for filing dispositive motions: **May 22, 2026**.

    F.   Deadline by which any Rule 35 physical or mental examination will be noticed: **July 10, 2026**.

**15.   REQUEST FOR JURY TRIAL**

Plaintiff has requested a jury trial.

**16. PROSPECTS OF SETTLEMENT**

The Parties agree that settlement discussions are premature at this time and that they will discuss settlement as disclosure and discovery progress.

**17. ANY OTHER MATTERS: ESTIMATED LENGTH OF TRIAL**

The Parties estimate that this trial will require five (5) days.

RESPECTFULLY SUBMITTED this 2nd day of July 2025.

**IBF LAW GROUP, PLLC**

By: /s/Sheree D. Wright
Sheree D. Wright
3101 N. Central Ave, Suite 1250
Phoenix, Arizona 85012

Cortney E. Walters (*admitted pro hac vice*)
The Law Office of Cortney E. Walters, PLLC.
2719 Hollywood Blvd., Suite A-1969
Hollywood, FL 33020

*Attorneys for Plaintiff*

**O'MELVENY & MYERS LLP**

By: /s/Eric Amdursky
Eric Amdursky (*admitted pro hac vice*)
Damali A. Taylor (*admitted pro hac vice*)
2765 Sand Hill Road
Menlo Park, CA 94025

Leah S. Freed, SBN 021332
Ogletree, Deakins, Nash
Smoak & Stewart, P.C.
2415 East Camelback Road, Ste. 800
Phoenix, AZ 85016

*Attorneys for Defendant*