Malcolm A. Heinicke* (CA Bar No. 194174)
Taylor L. Benninger* (CA Bar No. 344825)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:    (415) 512-4000
Malcolm.Heinicke@mto.com
Taylor.Benninger@mto.com

Craig Jennings Lavoie* (CA Bar No. 293079)
David W. Moreshead* (CA Bar No. 305362)
Alberto De Diego-Habel* (CA Bar No. 342930)
Jin Niu* (CA Bar No. 362447)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:    (213) 683-9100
Craig.Lavoie@mto.com
David.Moreshead@mto.com
Alberto.DeDiego@mto.com
Jin.Niu@mto.com

Theresa Cole Rassàs, 023416
Brandon T. Delgado, 035924
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
trassas@omlaw.com
bdelgado@omlaw.com

Attorneys for Defendants
Suns Legacy Partners, L.L.C.
* Admitted *pro hac vice*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Cope, | Case No. CV-25-00838-PHX-ROS |
| Plaintiff, | **FIRST NOTICE OF DISCOVERY AND SETTLEMENT** |
| vs. | |
| Suns Legacy Partners, L.L.C., | Judge:    Roslyn O. Silver |
| Defendants. | Trial Date:         Not Yet Set |

Pursuant to Paragraph O of the Court's Rule 16 Scheduling Order (Doc. 28), Plaintiff Jason Cope ("Plaintiff") and Defendant Suns Legacy Partners, L.L.C. ("Defendant," and together with Plaintiff, the "Parties"), through undersigned counsel, hereby submit this joint notice concerning the status of settlement discussions and the progress of discovery.

## I.    Settlement Discussions

As to settlement, the Parties have not engaged in substantive settlement discussions to date.  Plaintiff remains willing to participate in good-faith settlement discussions should Defendants be interested in doing so.  Defendant does not believe that such discussions would be productive at this time.

## II.    Status of Discovery

As to discovery, the Parties have made substantial progress.  Both Parties have served Requests for Production of Documents, Requests for Admission, and Interrogatories and produced responsive documents, although neither Party's document productions are complete.

### A.    Protective Order

***Defendant's Statement.***  Defendant maintains that the Parties should submit a stipulated protective order for the Court's consideration and approval to protect certain categories of documents that it intends to produce in discovery.  Defendant has proposed a stipulated protective order and is awaiting Plaintiff's response; Defendant hopes to have that stipulation filed for the Court's approval in short order.  So long as the Parties reach an agreement on the protective order, Defendant anticipates that it will be able to complete its document production prior to the fact discovery cutoff, which is currently April 17, 2026.

***Plaintiff's Statement.***  Plaintiff found the language of Defendant's initial stipulated protective order to be problematic. Defendant presented an amended version on February 17, 2026.  Plaintiff has only a few, but substantive, edits to Defendant's protective order, as proposed.  Plaintiff anticipates additional responsive edits from Defendant and possibly a final meet and confer on the matter.

**B.      Depositions**

Both Parties have also made progress with respect to depositions.  However, Defendant has two additional depositions to take: the deposition of Plaintiff himself, and a deposition of one of Plaintiff's healthcare providers.

As to the deposition of Plaintiff's healthcare provider, Defendant plans to conduct that deposition on the only date mutually agreeable to both parties—April 9, 2026.  As to Plaintiff's deposition, Defendant proposed March 25 or March 27, 2026, and Plaintiff responded that neither date was feasible.  As a courtesy, and to better facilitate scheduling, Plaintiff's counsel relayed Plaintiff's availability for the entire month of April, which included several options after the close of fact discovery.  Based on Plaintiff's availability and Defendant's counsel's conflicts in early April, Defendant noticed Plaintiff's deposition for the first mutually agreeable date: April 23, which is after the current fact discovery cutoff.

Defendant provided Plaintiff with a draft stipulation proposing a very limited extension of the fact discovery cutoff and a brief extension of the deadline for the Parties to file a dispositive motion to accommodate this deposition date and are awaiting Plaintiff's response.  Plaintiff has represented that, if Defendants are amenable to the few minor edits that Plaintiff plans to request, Plaintiff will agree to Defendant's stipulation, which could be submitted for the Court's approval in short order.

DATED:  March 27, 2026                         IBF LAW GROUP, PLLC


                                               By:      */s/ Chloé Woods*
                                                       CHLOÉ WOODS
                                               Attorneys for Plaintiff Jason Cope

3

DATED:  March 27, 2026                    MUNGER, TOLLES & OLSON LLP


By:  */s/ Taylor L. Benninger*
       TAYLOR L. BENNINGER
       Attorneys for Defendant Sun Legacy
       Partners, L.L.C.